# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES OF AMERCA,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**JOSEPH SUAREZ,**<br><br>    **Defendant.** | 2:12-cr-417-01(WJM)<br><br>**ORDER** |

On August 26, 2013, Defendant filed this unopposed motion for a "nunc pro tunc imposition of sentence pursuant to Rule 36 of the Criminal Procedures." The relevant background is as follows:

On March 21, 2013, this court issued a judgment which, in relevant part: (1) sentenced Suarez to 54 months imprisonment; (2) ordered him to self-surrender at an institution to be determined by the Bureau of Prisons; (3) declared that restitution, to be paid to the victims of his crimes, would be determined within 90 days of the judgment. (ECF 30) The Bureau of Prisons determined that Suarez would surrender to the Canaan USP SCP on May 1, 2013, which he did. On July 22, 2013, the court set restitution at $1,135,800. (ECF 34)

1

Suarez's motion asks the court to allow him to take a temporary leave from prison in order to conclude an oil deal, the proceeds of which he would use to pay restitution.

The court has no jurisdiction to grant this relief. "A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to a statutory authorization." United States v. Smartt, 129 F. 3d 539, 540 (10th Cir. 1997) (quoting United States v. Mendoza, 118 F. 3d 707, 709 (10th Cir. 1997)). Plaintiff seeks this relief under Federal Rule of Criminal Procedure 36. Rule 36 permits the court to correct clerical errors only. United States v. Bennett, 423 F.3d 271, 278 (3d Cir. 2005). Suarez cites no error, clerical or otherwise, on the part of this court.

For the foregoing reasons;

**IT IS** on this 15th day of October 2013, hereby,

**ORDERED** that Defendant's motion is hereby **DENIED**.

/s/ William J. Martini

_____
**WILLIAM J. MARTINI, U.S.D.J.**